IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03501-GPG

KALANI OPANA,

    Petitioner,

v.

[NO NAMED RESPONDENT],

    Respondent(s).

## ORDER OF DISMISSAL

Petitioner, Kalani Opana, is in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Canón City, Colorado. He initiated this action by submitting a Letter (ECF No. 1) to the Court in which he asks the Court to intervene in an ongoing state criminal proceeding.

On January 6, 2015, Magistrate Judge Gordon P. Gallagher directed Mr. Opana to show cause, in writing, within 30 days, why this action should not be dismissed without prejudice pursuant to abstention principles articulated in *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 3). Petitioner filed a Letter responding to the Order to Show Cause (Response) on January 22, 2015. (ECF No. 4).

The Court construes Mr. Opana's allegations liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed.

Mr. Opana alleges in his Letter that his state court conviction for second degree murder was reversed by the Colorado Court of Appeals in May 2014, and the case was remanded for a new trial. He further alleges that the State filed a petition for certiorari review with the Colorado Supreme Court in October 2014 which is pending. Mr. Opana complains that he has been incarcerated since August 2009 and he presumably seeks release from prison.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger*, 401 U.S. 37; *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.

The first condition for *Younger* abstention is met by Mr. Opana's affirmative allegations that the state court criminal proceeding is ongoing. The second condition also is satisfied because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). With respect to the third condition, Mr. Opana fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings. Indeed, his only claim appears to be that the Colorado Supreme Court is taking too long to rule on the State's petition. However, the federal district court has no authority to order the state supreme court to enter an order granting or denying a petition for certiorari review.

Mr. Opana "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889. It is Mr. Opana's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*

In his Response, Mr. Opana does not allege any facts to suggest that the State's petition for certiorari review in the Colorado Supreme Court was unconstitutionally motivated, or constituted harassment or an abuse of prosecutorial discretion.

Furthermore, the fact that Petitioner remains incarcerated while the Colorado Supreme Court considers whether to grant the State's petition for certiorari review does not establish great and immediate irreparable injury. Because Mr. Opana has failed to overcome the presumption of abstention, this action will be dismissed. Accordingly, it is

ORDERED that this action is DISMISSED WITHOUT PREJUDICE pursuant to the doctrine of *Younger* abstention. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Opana files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED February 11, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court